THE CITY OF BURLINGTON v. KELLAR.

1. **Intoxicating liquors:** REPEAL OF CITY CHARTER. So much of section 15 of chapter 54 of the laws of 1845 (Burlington city charter), as conferred upon the common council of the city of Burlington the power to grant licenses to "retailers of spirituous liquors by less quantity than a quart, keepers of ale and porter houses," was repealed by section 936 of the Code of 1851.

2. —— NON-REVIVOR OF STATUTE. The provisions of chapter 143 of the laws of 1857–8, making the "manufacture and sale of beer, cider from apples, or wine from grapes, currants or other fruits grown in this State," lawful, did not revive the provisions of said charter, repealed by the Code of 1851.

3. —— STATUTE CONSTRUED. Section 15 of chapter 54 of the laws of 1845, conferred upon the city of Burlington the power to grant or refuse licenses to "tavern-keepers, inn-holders, retailers of spirituous liquors by less quantity than a quart, keepers of ale and porter houses, and shops and all other houses of public entertainment." After its enactment the legislature of the State made the sale of intoxicating liquors illegal, and repealed that portion of the above act authorizing a license for the sale thereof: *Held*, that subsequent legislation did not confer upon the city council power to grant or refuse licenses for the sale thereof under the unrepealed authority to grant or refuse licenses " to all other houses of public entertainment."

4. **Construction of statutes:** HISTORY. In construing the language of a statute the history of the legislation affecting such statute will always be considered.

5. —— EFFECT OF PARTIAL REPEAL. The repeal of a part of the statute cannot have the effect to so enlarge the meaning of the language which

remains as to make it include all that was in the statute before the repeal.

6. **Corporations:** POWERS. Authority conferred upon municipal corporations is to be strictly construed and closely pursued.

7. **Burlington:** ORDINANCE INVALID. The ordinance of the city of Burlington, passed Nov. 3d, 1862, prohibiting within said city the keeping of "any house or place where persons resort for the purpose of drinking wine, beer or ale or other malt or spiritnous drinks," without a license from the authorities of said city, is invalid, and no prosecution can be sustained thereunder.

8. **Statute:** CONFLICT WITH ORDINANCE. Where a statute of the State conflicts with the ordinance of a municipal corporation, the former controls.

9. **Municipal corporations:** IMPRISONMENT. A municipal corporation can inflict imprisonment as a penalty for a violation of its ordinances, only when the power is given by the charter.

10. —— POWER TO REGULATE SALE. A municipal corporation, invested with the necessary power in its charter, may regulate the sale of intoxicating liquors within its limits, to the extent of prohibiting such sale by persons who are not licensed therefor, though the sale of such liquors be not prohibited by the laws of the State.

*Appeal from Des Moines District Court.*

TUESDAY, DECEMBER 20.

THE facts are sufficiently stated in the opinion.

*R. H. Robertson* and *Chas. H. Phelps* for the appellant.

*J. Tracy* for the appellee.

COLE, J. — An information was filed on the 25th day of September, 1862, before C. Marble, a Justice of the Peace for Des Moines county, accusing the defendant "of the misdemeanor of keeping a house of entertainment in said city of Burlington, as a place to be resorted to for the purpose of drinking beer, wine and other drinks, without first having procured a license therefor." At the trial, the defendant plead not

1. INTOXICATING LIQUORS: repeal of city charter.

guilty, but admits he keeps a house where he sells native wine, lager beer and other drinks, such as are permitted to be sold by the laws of the State of Iowa; has a sign, and keeps a regular drinking saloon. Plaintiff admits that the native wine, lager beer and other liquors of domestic manufacture, permitted to be sold by the laws of the State, are intoxicating liquors. Upon these admissions, the justice of the peace adjudged the defendant guilty, and that he "pay to the city of Burlington the sum of ten dollars fine and costs, and that he stand committed until the said fine and costs are paid." The defendant appealed to the District Court, where the cause was tried upon the same admission, and the court found for defendant, and rendered judgment against plaintiff for costs, from which plaintiff appeals to this court.

The charter of the city of Burlington was passed by the Legislative Assembly of the Territory of Iowa, and approved June 10th, 1845. The only portion thereof under which the plaintiff claims the right to license the defendant, is found in § 15 of said charter, and is as follows: "And the said city council shall have full and exclusive power to grant or refuse licenses to tavern-keepers, inn-holders, retailers of spirituous liquors by less quantity than a quart; keepers of ale and porter houses, and shops and all other houses of entertainment." On the 3d day of November, 1862, the city council of Burlington passed an ordinance entitled, "an ordinance in relation to houses of entertainment kept as a resort for the purpose of drinking beer, wine, ale, &c."

SEC. 1. That it shall be unlawful for any person or persons, either in his or their own right, or as agent or clerk for another or others, to open or keep any house or place within the city of Burlington, where persons resort for the purpose of drinking wine, beer, ale or other malt or spirituous drinks, which are permitted to be sold by the laws of

Iowa, without first having obtained a license therefor, as hereinafter provided.

Section two provides that the amount of each license shall be fifty dollars per annum.

SEC. 3. Every person who shall violate the provisions of this ordinance shall, upon conviction thereof before the mayor of said city, or some justice of the peace, be fined not less than ten dollars for the first offense, not more than twenty dollars for the second offense, not more than thirty dollars for the third offense, and the fine to be increased not more than ten dollars for each additional offense; provided, however, that the fine for any offense shall not exceed one hundred dollars, and the magistrate trying the case shall render judgment for the fine and costs, and the defendant shall stand committed to the county jail until the fine and costs are paid.

The prosecution in this case was under this ordinance.

At the time the charter of the city of Burlington was enacted, there was a general law in force allowing "a license to keep a grocery," to be granted by the county commissioners; and section three of that law provided, that "a grocery shall be deemed to include any house or place where spirituous or vinous liquors are retailed by less quantities than one gallon." Revised Statutes of 1843, p. 374. By the Code of 1851, chap. 55, the retail of intoxicating liquors was prohibited; and by § 936, it was enacted that "the authority to grant licenses to retail the liquors herein prohibited, contained in the charter of any incorporated town or city, is hereby repealed." That the legislature has this power, is clear. *People* v. *Morris,* 13 Wend., 325. Acts for the more effectual prohibition of the sale of intoxicating liquors and the suppression of intemperance were afterwards passed. Laws of Fifth General Assembly (1854–5), chap. 45, p. 58; Laws of Sixth General Assembly (1856–7), chap. 157, p. 231. But by an

2. —— non-revivor of statutes.　act passed by the Seventh General Assembly (1857–8), chap. 143, p. 283, it was "*provided* that

nothing in this act [amending those cited *supra*] shall be so construed as to forbid the manufacture and sale of beer, cider from apples, or wine from grapes, currants or other fruits grown in this State." See Rev., chap. 64.

It will be seen by these statutes that at the time the charter of the city of Burlington was enacted, it was lawful to sell, by retail, spirituous and vinous liquors to be drank on the premises. This was afterwards made unlawful, and by the act which prohibited it, so much of the city charter as authorized it, was repealed. But it was afterwards made lawful to sell beer, cider and wine, provided they were manufactured from fruits grown in this State. The ordinance of the city of Burlington, under which this prosecution was commenced, was passed after this last law authorizing the sale was enacted. The question therefore arises, whether the city may not regulate and license the sale of beer, cider, wine, &c., since such sale is again made lawful. The law giving the right so to regulate it having been repealed, was not revived by the repeal or change of the law, which repealed it. Or as it is clearly stated in Rev., § 29, "the repeal of a statute, does not revive a statute previously repealed."

Again, the further question arises, whether the city of Burlington may not exercise the right to thus regulate and 3. —— license the defendant under the last clause of the statute construed. section cited *supra:* "and all other houses of public entertainment." If the language of the section had originally been, "and the said city council shall have full and exclusive power *to* grant *or* refuse licenses *to* tavern-keepers, inn-holders, and all other houses of public entertainment," there would have been but little, if any, doubt of the power of the city thus to regulate and license. But the legislature by inserting "retailers of spirituous liquors by less quantity than a quart, keepers of ale and porter houses," clearly indicated that in the legislative intention

and meaning, the phrase, "other houses of public entertainment," did not include those, but meant other and different houses; and although the subsequent legislature, by the repealing clause in § 936 of the Code of 1851, in effect, struck out the words, "retailers of spirituous liquors by less quantity than a quart, keepers of ale and porter houses," yet in determining the meaning of the language as it stands, after being thus amended by such repeal, we must look at its legislative history and give its construction in the light afforded thereby. The striking out of those words, by the repeal could not legitimately have the effect to enlarge the meaning of the remaining language so as to make it cover all that was included in the language as it originally stood. If so, what was effected by the repeal? Simply nothing.

*4. Construction of statute: history.*

*5. — effect of partial repeal.*

The ordinance under which this prosecution is had, was framed especially with a view to include those houses specified in that portion of the charter which has been repealed. The words "house of entertainment," do not occur in the ordinance, but it does specify houses "where persons resort for the purpose of drinking wine, beer, ale or other malt or spirituous drinks." The information, it is true, in naming the offense, calls it "keeping a house of entertainment;" but in stating the acts constituting the offense, it specifies the keeping of a house "for the purpose of drinking beer, wine," &c., without license; thus showing the alleged offense to be within the ordinance as well as within the repealed language of the charter.

The power of the city council to pass the ordinance under which the defendant is prosecuted, is not claimed as a necessary power to the complete performance of a duty required of them by law, nor as necessary for the purpose of carrying into effect the powers expressly granted, nor as incidental to their very existence; but it is claimed that it is expressly given by the language of § 15 of the charter

City of Burlington v. Kellar.

quoted *supra*. It is a well settled rule that the authority

**6. CORPORA-TIONS: power.** conferred upon municipal corporations is to be strictly construed and must be closely pursued. Sedgwick on Statutory and Const. L. 446, or, as the rule was stated by the Court of Appeals of New York: " the ordinance of a municipal corporation must conform strictly to the provisions of the statute giving power to pass the ordinance in question, or its proceeding will be void."

But as we have seen, under even a liberal construction,

**7. BURLING-TON: ordinance invalid.** the city council possessed no power to pass the ordinance in question, and therefore no prosecution can be had thereunder. Had the city charter remained as it was originally passed, without any portion thereof having been repealed, no sufficient reason is now seen why the ordinance in question would not be valid, and as such enforceable against this defendant. It is true that the last

**8. STATUTE: conflict with ordinance.** clause of section three of the ordinance, which provides that "the defendant shall stand committed to the county jail until the fine and costs shall be paid," comes in conflict with § 4881 of the Revision, which limits the imprisonment to " one day for every three and one-third dollars of the fine," and to that extent would have to yield to the Revision, which is the paramount law. An ordinance may be good in part and void for the rest. 2 Kyd on Corp., 155; *Rogers* v. *Jones*, 1 Wend., 237. And wherever an ordinance of a city comes in conflict with a general law of the State, it must of course yield to the paramount law.

The right to inflict imprisonment as a penalty for a violation of an ordinance, must be given by the charter, otherwise no such penalty can be legally annexed or enforced. The rule is, they can only be enforced by a pecuniary penalty, unless there is some express act giving power to inflict other punishment. Gray on Corp., 8; Sedgwick on

Stat. and Const. L., 473. The charter of the city of Burlington gives such power.

It is lawful, under certain limitations, to sell beer, wine and cider, &c., in this State; but it does not, therefore, follow, that a city having proper authority therefor in its charter, may not regulate the sale thereof within such city; and in such regulation may prohibit the sale, except by persons who have procured the license required by its ordinances, passed under authority therefor in its charter. *Bush et al.* v. *Seabury*, 8 Johns., 418; *Nightingale, Petitioner*, 11 Pick., 167; *The City of Davenport* v. *Kelly*, 7 Iowa, 103, and authorities cited.

The judgment of the District Court is

Affirmed.

10. — power to regulate sale.