### The City of Oskaloosa v. Tullis & Faxon.

1. **Corporation municipal: AUCTIONEER.** An incorporated city of the second class has no power under the general incorporation act, nor under chapter 97 of the Laws of 1862, to pass an ordinance requiring a resident merchant engaged in the ordinary business of selling goods at retail, to pay a certain per cent on the amount arising from the sale of a portion of his merchandise which he employs an auctioneer to sell. Said chapter applies only to auctioneers and transient merchants.

2. —— QUERE. Whether even the auctioneer could be made liable to this burden under the authority contained in the act, to regulate and license, — *quere.*

*Appeal from Mahaska District Court.*

THURSDAY, JULY 23.

PLAINTIFF is an incorporated city of the second class, under the general act for the incorporation of villages and

City of Oskaloosa v. Tullis & Faxon.

towns. On the 12th of March, 1867, the legislative power of the city passed an ordinance, the material parts of which provided that all auctioneers, transient merchants and other persons, desiring to sell or have sold goods, wares, merchandise, or other property, etc., at auction, or public outcry, within the city limits, shall pay to the treasurer five per cent of the total amount of the sales of said property sold or caused to be sold by them at auction or public outcry. It was also declared therein, that the persons named, who shall sell or caused to be sold, should report under oath to the city treasurer each day, the total amount of sales so made, and pay to him the per cent before mentioned.

The petition in this case, after setting out this ordinance, states that defendants were partners at the time of the sales afterward mentioned; that they did in April, 1867, and afterward, offer and sell at auction within the city limits, goods, wares and merchandise, the five per cent on which amounts to $300, which they have failed to report and pay; wherefore, etc.

To this petition there was a demurrer, which was overruled. To certain parts of the answer there was a demurrer, which was sustained. On the trial defendants offered certain evidence, which was excluded. Judgment for plaintiff in the sum of $223.10, and defendants appeal.

*Seevers & Cutts* for the appellants.

The mode provided in the chapter for the exercise of granted powers, must be strictly pursued, and if there be any doubt or ambiguity as to the extent of the powers granted in the chapter, that doubt or ambiguity must be resolved in favor of the public. *Clark* v. *Des Moines*, 19 Iowa, 199; *Burlington* v. *Kellar*, 18 id. 65; *Mintern*

v. *Lane*, 23 How. 435; *Bank of Augusta* v. *Earl*, 13 Pet. 587.

It will be seen that the act of 1862 gives to the plaintiff the power to regulate and license two classes of persons only, "*auctioneers and transient merchants*," the ordinance applies not only to these classes, but "all other persons." We claim that so much of the ordinance as applies to or affects "all other persons" than auctioneers and transient merchants is void for want of power to pass it. The powers of the plaintiff are to be strictly pursued, but even if this were not so it is perfectly clear that power to regulate and license auctioneers and transient merchants, does not include "all other persons." The power granted to the plaintiff is restrictive,—the ordinance is decidedly expansive, for it includes the whole human race.

*Z. T. Fisher* for the appellee.
(No brief found on file.)

WRIGHT, J. — That appellant's position, and the points ruled, may be understood, it is necessary to refer to the legislation bearing upon the questions made. The act of 1858 (Rev. § 1063), gave power to these municipal authorities to regulate or prohibit the sale of horses or other domestic animals, at auction, in the streets, alleys, etc. In 1862 (ch. 97), cities, towns and villages, then or thereafter incorporated, were given the further power to regulate and license the sale by *auctioneers and transient merchants*, of property within their corporate limits, and to pass all ordinances to exercise the authority therein granted.

1. CORPORATION MUNICIPAL: auctioneer.

By the demurrer to the petition, as also under that to the answer, as well as by the offered testimony, defendants raised the question of the validity of the ordinance

City of Oskaloosa v. Tullis & Faxon.

above cited, and its applicability to them, under the facts pleaded and offered in evidence. And here it becomes necessary to state these facts, as defendants set them out in their answer, and offered to prove them at the trial.

In June, 1858, the city enacted an ordinance, requiring that all auctioneers, etc., should pay into the city treasury such tax, not exceeding $100, as the mayor may direct. The treasurer's receipt being presented, the mayor was to issue the necessary license, but in no case to extend beyond one year. It was, by a subsequent ordinance, made the duty of the auctioneers to keep an account of the amount of sales made by them, and to make a report thereof, under oath, to the mayor, who was to charge and collect, in addition to the license, the further sum of three per cent on said sales. These ordinances remained in force until repealed by that of March 12, 1867. On the 15th of January, 1867, W. H. Faxon (probably one of the defendants, but this is not expressly shown), obtained in due form, a license as an auctioneer, for one year, and thereunder engaged in business as an auctioneer. At the time named in the petition, defendants were resident merchants in said city, as they had been for several years.

They did not at any time engage in business as auctioneers, nor sell goods in that way; but they did at the time named employ said Faxon to sell for them at auction certain goods, etc., forming a portion of their stock, and, during the same time, they were engaged in selling goods in the usual manner by retail. And now we are to inquire, whether, if all these facts were shown, defendants should be liable. And we are to treat them as established, for defendants set them up in their answer; they were held insufficient upon demurrer; they offered to prove the same on the trial; the evidence was rejected; in both instances he duly excepted; hence there is no waiver, and the question is fairly raised.

In our opinion, the court erred in sustaining the demur rer to the answer and rejecting the evidence.

. As to the demurrer to the petition, it becomes unnecessary to speak.

For the purposes of this case, it is sufficient to say that defendants, according to the testimony offered, are neither *auctioneers* nor *transient merchants.* Under the act of 1862, the city had no power to regulate or license sales of property by other persons than those thus named. And of course there can be no pretense that defendants come within the act of 1858 (Rev. § 1063), for they were not selling horses or other domestic animals. So much of the ordinance as seeks to include "*other persons*" and make them liable as though they were "auctioneers" or "transient merchants," is void for want of power to pass it. And this is upon the familiar principle that the city authorities exercise only granted powers; that they must be strictly pursued, and that if doubt arises (even if this was a case of doubt, which is not admitted), as to their extent, it is to be resolved in favor of the public.

Thus the rule was recognized in *City of Burlington* v. *Kellar* (18 Iowa, 59) and its correctness is not denied.

As defendants were, therefore, resident merchants, employed in selling goods at retail, the fact that a portion of their merchandise was sold by an auctioneer would not make them liable to the five per cent.

Whether even the auctioneer could be made liable to this burden, under the authority to "regulate and license," 2. — *quere.* may, to say the least of it, well be doubted. But this question it is not necessary for us to either discuss or determine.

That defendants are otherwise liable to taxation as merchants — for municipal as well as State and county purposes, and hence, probably, as merchants not liable to this additional burden — we need only refer to §§ 712,

720, 753, 1123 of the Revision. But of this, too, we need not say more.

Reversed.