THE CITY OF KEOKUK v. SCROGGS.

1. **Municipal Corporations**: POWERS OF: CONSTRUCTION. Municipal corporations are limited to the exercise of such powers as are expressly granted, and such as are necessary to effectuate the purposes of their incorporation. Their powers are strictly construed.

2. ———: CHARTER: AMENDMENT TO. Where the original charter of a city conferred upon the corporation power to pass all ordinances necessary to protect it against injuries by fire, and an amendment to the charter enumerated the particular acts which the city might do "for the purpose of guarding against calamities by fire:" *Held*, that the general power conferred by the charter was limited by the provisions of the amendment, and that the city had no authority to pass an ordinance for protection against fires, not authorized thereby.

*Appeal from Lee District Court.*

FRIDAY, SEPTEMBER 25.

THE City Marshal of the City of Keokuk filed before the Recorder an information accusing the defendant of violating an ordinance of said city, entitled "An ordinance for the prevention of fires."

The cause was tried by a jury, and defendant was found guilty and fined fifty dollars and costs.

Defendant appealed to the Lee District Court, where the cause was tried without a jury, and judgment was rendered for defendant. Plaintiff appeals.

*John Gibbons*, for appellant.

*Craig & Collier*, for appellee.

DAY, J.—The only question discussed is, the authority of the City of Keokuk, under its charter, to pass the ordinance under which the information is filed. Section 13 of the original charter of the city, is as follows: "That the City Council shall have power, and it is hereby made their duty, to make and publish, from time to time, all such ordinances as shall be necessary to secure said city and the inhabitants thereof

against injuries by fire, thieves, robbers, burglars, and all other persons violating the public peace.

"For the suppression of riots and gambling, and indecent and disorderly conduct; for the punishment of all lewd and lascivious behavior in the streets, and other public places in said city.

"They shall have power, from time to time, to make and publish all such laws and ordinances as to them shall seem necessary to provide for the safety, preserve the morals, order, comfort and convenience of said city and the inhabitants thereof. To impose fines, forfeitures and penalties on all persons offending against the laws and ordinances of said city, and provide for the prosecution, recovery and collection thereof, and shall have power to regulate, by ordinance, the keeping and sale of gunpowder within the city."

Section 21 of the amendment to the charter provides, "That the City Council, for the purpose of guarding against the calamities of fire, shall have power to prescribe the limits within which wooden buildings shall not be erected, or placed, or repaired, without the permission of the said Council, and to direct that all, or any building within the limit prescribed, shall be made or constructed of fire-proof materials, and to prohibit the repairing or rebuilding of wooden buildings within the fire limits, when the same shall have been damaged to the extent of fifty per cent. of the value thereof, and to pre-scribe the manner of ascertaining such damage. The City Council shall also have power to regulate the construction of chimneys so as to admit chimney sweeps, and to compel the sweeping and cleaning of chimneys, to prevent the dangerous construction and condition of chimneys, fire-places, stoves, stove-pipes, ovens, boilers, and apparatus used in and about any building or man-ufactory, and to cause the same to be removed or placed in a safe and secure condition when considered dangerous. To prevent the deposit of ashes in unsafe places, and appoint one or more officers to enter into all buildings and inclosures to discover whether the same are in a dangerous state, and to cause such as may be dangerous to be put in a safe condition. To require the inhabitants to provide as many fire buckets,

and in such a manner and time, as they shall prescribe, and to regulate the use of them in time of fire. To regulate and prevent the carrying on of manufactures dangerous in causing or promoting fire. To regulate and prevent the use of fireworks and fire-arms. To compel the owners or occupants of houses or other buildings, to have scuttles in the roofs, and stairs or ladders leading to the same. To authorize the mayor, aldermen, fire wardens, or other officers of said city, to keep away from the vicinity of any fire, idle and suspicious persons, and to compel all officers of said city and other persons to aid in the extinguishment of fires and preservation of property exposed to damage thereat. To organize fire, hook, ladder and ax companies, to provide fire engines and other apparatus for the extinguishment of fires. To appoint, during pleasure, a competent number of firemen, and prescribe their duties, and to impose fines and forfeitures upon them for violation of the rules and regulations prescribed; and, generally, to establish such regulations for the prevention and extinguishment of fires as the City Council deem expedient."

The portion of the ordinance in question, material to this inquiry, is as follows:

"Sec. 14. That it shall be unlawful for any person or persons, or corporations, to erect, construct or build any frame building or buildings of combustible material within the following described limits of the City of Keokuk, to-wit: * * * * * which are hereby declared to be the fire limits."

"Sec. 18. That hereafter no lumber or wood yard shall be established and located within the fire limits, and that lumber or wood yards shall not be permitted within the fire limits after the 1st day of April, A. D. 1873, and lumber or wood yards, after the 1st day of April, 1873, shall not be located within the limits of the old corporation and outside of the fire limits without the consent of two-thirds in number and amount of the owners of improved property, in the block where it is desired to locate such lumber or wood yard, and the consent of the City Council, and any person violating any of the provisions of this section, shall be fined

not less than five dollars and not more than one hundred dollars, to be collected as other city penalties."

· Cities have no inherent jurisdiction to make laws or adopt regulations of government. They are governments of enumer- ated powers, acting by a delegated authority. The state legislature may exercise such powers of government coming within a proper designation of legislative power, as the constitution does not expressly or impliedly prohibit. But cities can exercise those powers only which are expressly or impliedly conferred, and these must be exercised subject to such restrictions and regulations as the grant imposes. The charter or general law under which they exercise their powers, is their constitution, and from it they must show authority for the acts they perform. Cooley on Constitutional Limitations, second edition, page 191, and cases cited.

1. MUNICIPAL corporations: powers of: construction.

Municipal corporations can exercise such powers only as are expressly granted, and such implied ones as are necessary to make available the powers expressly conferred, and essential to effectuate the purposes of the corporation, and these powers are strictly construed. *Clark v. City of Des Moines*, 19 Iowa, 199, (211,) and cases cited. Cooley on Constitutional Limitations, second edition, 199, and cases cited. The power to pass an ordinance requiring the removal of a lumber yard from a specified portion of the city, is not expressly conferred in the charter, nor can it be claimed that it is necessary to make the powers conferred available. Appellant's counsel does not claim that the charter expressly confers any power to pass the portion of the ordinance now under consideration, but he refers to certain general clauses in the original charter, and in the amendment thereto, from which he claims the authority is derived. The provision referred to in the original charter is as follows: " The city council shall have power * * * to make and publish such ordinances as shall be necessary to secure said city and the inhabitants thereof against injuries by fire * * * * * * They shall have power * * * to make and publish all such laws and ordinances, as to them shall seem necessary to provide for the safety, preserve the

morals, order, comfort and convenience of said city, and the inhabitants thereof."

The provision referred to in the amendment to the charter is as follows: " And, generally, to establish such regulations for the prevention and extinguishment of fires, as the city council deem expedient." It will be observed that the original charter is very general in its provisions. It confers power to make such ordinances as shall be necessary to secure the city and its inhabitants from injuries by fire. All the authority respecting fires which is conferred is contained in this provision. We need not determine what powers this provision delegates to the city, for the amendment to the charter contains a full and specific enumeration of acts which the city may do, "for the purpose of guarding against calamities by fire." This specific enumeration must operate as a limitation
2. ――: char- upon the general power conferred in the original
ter: amend-
ment to. charter, upon the principle that where a thing is directed to be done through certain means, or in a particular manner, there is implied an inhibition upon doing it through other means or in a different manner. The general provision contained in the original charter, has become absorbed in the particular enumeration of the amendment. For if the general provision, notwithstanding the amendment, authorizes a resort to every proper means for the prevention of fires, then it contains all that is embraced in the amendment, and perhaps more, and the specific provisions of the amendment are rendered useless. Therefore, whatever power is conferred upon the city respecting fires, must be found in the amendment to the charter. As this amendment does not specifically authorize the passage of the ordinance in question, the authority, if it exists at all, must be found in the clause conferring upon the city power, "generally to establish such rules and regulations for the prevention and extinguishment of fires, as the city council deem expedient." It is a familiar principle of construction, that such general language at the conclusion of a provision must be taken in connection with, and limited by the special powers conferred. *The City of Mount Pleasant v. Breeze,* 11 Iowa, 399; *The City of St. Louis v. Laughlin,*

49 Mo., 599. Otherwise the general provision would contain the specific enumeration and more, and such enumeration would be superfluous. This general provision does not grant powers in addition to those specifically enumerated, but it authorizes the establishment of such regulations, as may be deemed expedient for carrying out and rendering effective the powers conferred respecting fires.

The provision of the ordinance under which defendant was prosecuted, was passed without authority of the city charter.

AFFIRMED.