EMMA OELWEIN, Appellant, v. W. H. WALRATH, et al., constituting the Board of Supervisors of Fayette County, Iowa, Appellees.

**Highways:** ESTABLISHMENT: STATUTE. The order of a board of supervisors establishing a highway, in the instant case, was not in violation of the statute prohibiting its establishment through ornamental grounds contiguous to a dwelling; as the house in question was not a dwelling and the ground adjacent was not ornamental as contemplated by the statute.

**Same:** VALIDITY OF ORDER. While a board of supervisors in some of its functions acts in a *quasi* judicial character, still it is not held to a great degree of formality of procedure. In the instant case the fact that after submission of the matter establishing a highway, and before final decision, the board visited the location of the proposed highway and interviewed parties concerning its location, did not invalidate the proceedings, though done without notice to or in the presence of the landowner.

**Same.** The fact that the county attorney appeared before the board in behalf of the petitioners for the location of a highway, and later defended the county in a proceeding to annul the order establishing the same, did not invalidate the order or affect the jurisdiction of the board to act upon the petition.

**Same:** DISCRETION OF BOARD: POWER OF COURT. The court cannot control the discretion of a board of supervisors in the establishment of a highway; it will only inquire into the legality of its action.

*Appeal from Fayette District Court.*—HON. W. J. SPRINGER,
Judge.

MONDAY, DECEMBER 15, 1913.

ACTION of certiorari, brought in the district court to
set aside and annul an order entered by the board of super-
visors establishing a highway. Upon hearing to the trial
court the relief asked was denied, and plaintiff appeals.—
*Affirmed.*

*John R. Bane,* for appellant.

*C. B. Hughes,* County Attorney, for appellee.

PER CURIAM.—The board of supervisors entered an order
establishing a highway known as the Calvin Road. The plain-
tiff brings certiorari, alleging that the order was made with-
out jurisdiction. The trial court having dismissed the writ,
we are asked to reverse its ruling.

I. It is claimed that the road is laid through certain
ornamental grounds contiguous to a dwelling house owned
by plaintiff, and the order is therefore void under Code,
section 1487. This claim is denied, and upon
trial of that issue the court found the fact
against the plaintiff. This finding is assailed
as not being supported by the record. We think otherwise.
There was evidence tending to show that the building alleged
to be a dwelling house was not used as a dwelling, and was
unfit for dwelling purposes and that the alleged ornamental
grounds were a tangle of brush and weeds. It is quite prob-
able that some exaggeration of the condition of the premises
is to be found upon both sides, but we incline to the view
that the trial court's finding that the building was not a
dwelling house, and that the grounds adjacent thereto were

1. HIGHWAYS:
establish-
ment:
statute.

not of an ornamental character, has sufficient support in the record.

II. It is next said that the board did not act at a legal or regular meeting. This seems to be founded upon the allegation, of which there is evidence, that after the submission of the case to the board its members visited the place and examined the situation for themselves, and that while thus together they interviewed one or more persons concerning the matter. We discover nothing in this which operates to render invalid the proceeding. The board of supervisors is, in some of its functions a quasi judicial tribunal. But in the very nature of things it is not held to any great degree of formality of procedure. There is nothing legally objectionable if in considering a road case or ditch case or bridge case or other similar improvement, the members of the board go individually or in a body to the spot and give the situation their personal inspection. Indeed it would seem that such inspection would often, if not usually, be advisable in furtherance of public interests. As we understand the record in this case, the board proceeded in the usual manner to act upon the road petition, and the matter was submitted at a final hearing. Afterward, and before making decision, the visit to the place was made. Later in regular meeting the board, according to its return, did "finally establish said road after due consideration of all the evidence offered by petitioners and objectors, and upon knowledge obtained by said board by an inspection of the same." We find in these facts no ground upon which to sustain plaintiff's claim that the board lost jurisdiction to act in the matter after the day of final hearing and submission of the case. There is no statute or rule of law compelling a decision at once on the day of submission, and, as already suggested, we discover no fatal error in the board's action in visiting and examining the proposed location of the road, or in the fact that such visit was made without notice to or in the presence of the landowner.

2. SAME:
validity
of order.

The principal function of certiorari is an investigation into the jurisdiction of the defendant board, its power and authority to act in the premises. The general subject of road establishment is committed to it by statute. There is here no attack upon the sufficiency of the petition or notice, or of the regularity of the action of the board down to the final hearing and submission, save only as it is contended that it had no authority to lay the road through the ornamental grounds adjacent to a dwelling house of the complainant. That objection having been overruled as not sustained by the evidence, there is no room for question of the board's authority to decide the case and order the establishment of the road. It was not an excess of authority in our judgment for it to take its decision under advisement, and in the meantime look at the proposed location for the better understanding of the merits of the case as made by the testimony.

III. It is complained that the county attorney appeared before the board for the petitioners for the road, and

**3. SAME.** is now defending the board at the expense of the county. If this be true, and the county attorney has disregarded the duties and proprieties of his official position, it may afford good ground for calling him to account in some appropriate proceeding, but we are unable to see that it affects the jurisdiction of the board of supervisors to act upon the petition for the establishment of the road.

Finally, it is to be said upon the whole case the court cannot, upon certiorari, assume to control the discretion with

**4. SAME : discretion of board : power of court.** which the statute has clothed the board of supervisors. It can only inquire whether, in attempting to exercise that discretion, the board has exceeded its rightful authority. *Tiedt v. Carstensen,* 61 Iowa, 334.

As we view the record, plaintiff has failed to show any such excess on the part of defendants, and the judgment below must be and it is—*Affirmed.*