I. P. HATCH et al., Appellants, v. BOARD OF SUPERVISORS et al.,
Appellees.

**EVIDENCE: Hearsay—General Rule Applied.** Hearsay evidence is
1 incompetent to establish any specific fact which is, in its nature,
susceptible of being proved by witnesses who speak from their
own knowledge.

PRINCIPLE APPLIED: The inquiry before the court was
whether a wife had consented to the establishment of a highway
through her land. A witness was permitted to testify that he
had had a talk with the husband, and that the husband had told
him that when he, the husband, signed the petition, his wife was
present and heard the talk wherein certain promises were made
by the one circulating the petition. *Held,* incompetent.

**HIGHWAYS: Consent Petition—Ownership of Land—Competency of**
2 **Evidence.** Where the record title to lands was in the wife, and
it was sought to show that the husband who had signed the peti-
tion for a consent highway was in fact the owner, *held* improper,
in the effort to show his ownership, to receive evidence that the
husband had given in the land for assessment as the property of
the wife, but stated that the real truth was that he was the
owner, because (a) incompetent generally, (b) incompetent to
show ownership, and (c) the proceeding being certiorari, involv-
ing whether the petition bore the signatures of the owners of
land as required by statute, the court could not try out the ques-
tion whether someone *other than the record owner* was the owner
of such land.

**CERTIORARI: Return—Supplementary Testimony—Purpose for**
3 **Which Admissible—Highways.** Certiorari does not act as an
appeal wherein cases may be tried *de novo,* but testimony beyond
the return, though not offered before the lower tribunal, may, on
the hearing, supplement the return, but such testimony must bear
on the one narrow question, to wit: Did the lower tribunal act
in excess of its jurisdiction or otherwise illegally?

**HIGHWAYS: By Consent—"Written" Consent—What Constitutes.**
4 Sec. 1512, Code 1897, provides for the establishment of highways
without the appointment of a commissioner "if the *written* con-
sent of the owners of land to be used for that purpose is first

filed in the auditor's office." To meet this statute, the owner's name must appear upon the petition. In other words, the petition must be so complete that the board of supervisors can determine therefrom that it has the written consent of such owners *without resorting to oral evidence.*

PRINCIPLE APPLIED: One Anna Blum owned the land, part of which would be taken for the proposed highway. When she was asked to sign the petition, her husband was present, and she said, "Let him sign it and it is all right." She then handed the petition to her husband and in substance said, "You can sign it for me; it will be all right." Whereupon the husband signed *his own name. Held,* the written name of the husband was proof of no more than oral consent by the wife and was insufficient.

*Appeal from Lyon District Court.*—HON. WILLIAM HUTCH-INSON, Judge.

FRIDAY, APRIL 9, 1915.

CERTIORARI to review the legality of the establishment of a highway. The district court dismissed the petition, and plaintiffs appeal.—*Reversed.*

*S. D. Riniker,* for appellants.

*Simon Fisher,* County Attorney, for appellees.

SALINGER, J.—Before the board of supervisors, this was a proceeding to establish a consent highway under the provisions of Sec. 1512 of the Code, which provides that such road may be established, "if the written consent of all the owners of the land to be used for that purpose be first filed in the auditor's office." One Anna Blum was such owner, and her name does not appear on the petition filed with the auditor. It does bear the signature of her husband.

The writ of certiorari may be granted where it is alleged that the tribunal below exceeded its proper jurisdiction, or is otherwise acting illegally. Code, Sec. 4154.

In determining whether the district court held rightly

that the board had not exceeded its proper jurisdiction, and had not otherwise acted illegally, we have for solution the following ultimate questions:

1. Did the district court err in receiving testimony additional to the return?

2. Can it be shown on the certiorari hearing that the petition was materially altered without consent of the signers, and if it can, what is the effect of such testimony?

3. May it be shown, aside from the return, that some landowner did not give written consent?

4. Did the testimony admitted establish such written consent?

I. Before we are concerned with the effect of some of the testimony taken against objection, we must dispose of its admissibility.

One Anna Blum was the record owner of land which would be used if the establishment of the consent highway in controversy was not annulled. It became a controlling question on the hearing in district court whether the owner of that land had given written consent to such establishment. To support the contention that such consent was given, testimony was offered tending to show (1) that, while Anna did not sign, her husband, who signed his own name to the consent, was in truth the owner of said land; (2) that Anna directed her husband to sign his name to the consent, for which it is claimed that it amounts to written consent on her part. This testimony was taken over objections, which are broad enough to assert that (1) the court should not, on certiorari, go into the line of investigation to which this testimony was addressed; (2) such testimony was inadmissible, even if there was right to enter upon such investigation on proper testimony; (3) if it be assumed such testimony was admissible and should be considered, it fails to establish the written consent required.

a. Some of this testimony should not have been received

if it be assumed there was right to entertain the issue upon

1. EVIDENCE: hearsay: general rule applied.

which it was offered, and though it be further assumed that proper oral testimony would have been admissible. In any view, it was error to let a witness say the husband told him the wife was present at the signing, and heard certain promises then made by one who presented the consent for signature. It is manifestly incompetent.

b. And so of testimony, in effect, that the husband gave in the land to the assessor as the property of the wife, but asserted to the assessor at the same time that the land in

2. HIGHWAYS: consent petition: ownership of land: competency of evidence.

truth and in equity belonged to the husband. This was (1) incompetent, irrelevant and immaterial, generally; (2) on a hearing on certiorari involving whether the board had a petition bearing the signature of the owner of certain lands, the court could not try out whether someone other than the record owner was the owner of such land; (3) giving in land for assessment as belonging to one's wife and statements of the husband to the assessor that such land belonged to the husband is not competent evidence that the husband owns the land. It is strongly to be doubted if it would be competent evidence of his ownership had he given the land in as being his. *Adams v. Hickox,* 55 Iowa 632; *Hetch's case,* 95 Iowa at 761; 96 Iowa at 100; *Albright's case,* 103 Iowa at 105.

II. There was testimony which, it may be conceded, for

3. CERTIORARI: return: supplementary testimony: purpose for which admissible: highways.

present purposes, tends to show that the wife gave consent to the establishment of this highway, and to evidence such consent, directed her husband to sign his name to the petition. No such testimony was adduced before the board, and that question does not seem to have been there mooted. The objections made are sufficient to present whether, this being so, such testimony should have been received on the hearing.

Certiorari is tried in the district court, primarily, upon

the return made to it, and Code 4159 provides that if that return be defective the court may order a further return and compel same by attachment. By provision of Code 4160 the district court hears the matter "upon the record, proceedings and facts as certified, and such other testimony, oral or written, as either party may introduce."

Clearly enough, this authorizes the introduction of such oral testimony as either party may elect, in addition to the record and the facts certified by return, original or amended. But it does not say to what such testimony may be addressed. We are satisfied this permits no more than the addressing of oral testimony to the question whether the tribunal in review has exceeded its jurisdiction, or otherwise acted illegally. We cannot hold that this privilege was intended to be broader than this without disregarding the clear intention of the legislature, and the clear and continuous pronouncements of the courts. Of what use is the statute provision that a return shall be made certifying what occurred below—of what use is the other statute provision that such writ may be ordered amended, and the amendment enforced by attachment—if the parties have the unlimited right, by either oral or written testimony, to furnish the proof for their entire case? Of what advantage are methods for bringing before the district court merely what occurred below, if it is permitted to disregard all that occurred there, and to prove the case as though the board had never acted?

Another statute limits review to exceeding jurisdiction and otherwise acting illegally. Beginning with the 30th Iowa, and ending in the 155th, and dealing with it in a great many of the reports between the two, this court has said, in every conceivable way, that on review by certiorari no inquiry will be made whether the tribunal in review, acting within its powers, has committed error; say, for instance, in passing upon the weight and effect of testimony.

In *Trust Co. v. District Court*, 149 Iowa, at 70, a case

which approves the rule in *Tiedt's* case, to which we shall hereafter refer, it is said:

"When the law prescribes proceedings to be had by an officer or tribunal in cases pending before them, the omission of such proceedings is in violation of law, and the court or officer omitting them would, therefore, act illegally. In a word, if a tribunal, when determining matters before it which are within its jurisdiction, proceeds in a manner contrary to law, it acts illegally, but if a discretion is conferred upon the inferior tribunal, its exercise cannot be illegal. If it be clothed with authority to decide upon facts submitted to it, the decision is not illegal, whatever it may be, if the subject matter and the parties are within its jurisdiction, for the law entrusts the decision to the discretion of the tribunal."

Of what efficacy is this statute declaration, and these constructions of that declaration, if on such hearing testimony may be adduced beyond what bears upon excess of jurisdiction or illegal act? To allow, literally, any evidence the parties see fit to put in simply turns the review on certiorari into a trial *de novo*—something which it is surely not intended to be.

When *Tiedt's* case, 61 Iowa, at 336, was decided, the statute gave even greater latitude on this point than does the present one. Yet we there said:

"This provision is not intended to extend the remedy so that inquiry may be made into matters other than the jurisdiction and the legality of the proceedings of the inferior court. It is not the purpose of the statute to change the office of a certiorari so that it will operate as an appeal, wherein causes may be tried *de novo*. The scope of the remedy is not extended; it remains restricted to questions of jurisdiction, and the regularity of the proceedings of the inferior court. It sometimes happens that the return to the writ of certiorari fails to show the facts whereon the jurisdiction of the inferior court is based, or the regularity or irregularity of the forms

of proceedings brought in question. That all the facts involved in the case bearing upon the issue in the proceedings touching the jurisdiction and compliance with the law in the case reviewed may be considered, the statute last cited provides for the introduction of evidence other than the return to the writ."

On a fair construction of all statutes in *pari materia* and the various interpretations of them, it is manifest that the only testimony other than the return which may be introduced is such as bears upon the narrow question whether the board acted in excess of its jurisdiction, or otherwise acted illegally. On this point, the testimony is admissible whether it is furnished by the original return and amended return, or oral testimony. We therefore hold that, in so far as the objections made raise the point that no oral testimony is admissible on certiorari, unless it speaks to a question which was mooted below, and in so far as they assert that the district court may not make an original and independent investigation on any subject, the objections are not tenable. And we think it was competent for these defendants to prove, if they could, by oral testimony, if they so elected, anything that tends to show that the petition contains the required written consent. To enter upon that issue is an inquiry into the jurisdiction of the board, and hence a permissible inquiry, and one which the statute contemplates in permitting oral testimony to be adduced.

4. HIGHWAYS: by consent: "written" consent: what constitutes.

III. Code Sec. 1512 provides roads may be established "if the written consent of all the owners of the land to be used for that purpose be first filed in the auditor's office." What amounts to such "written consent?"

Over apt objections, the defendants were allowed to show, in effect, that this petition was presented to Anna Blum; that her husband was present at the time; that Anna was asked to sign; that she did not sign; that the wife thereupon

said "let him (the husband) sign it and it is all right;" that she handed it to the husband, and "says he could sign it for her, and it would be all right." Thereupon, the husband signed his own name.

That this competently shows the wife consented to the road may be conceded. There is no objection, in principle, to having A bound upon his directing B to sign B's name, and declaring that such signature shall be deemed the act of and bind A. But is that a written consent, and does not the statute attach as controlling importance to the form of consent as to the fact of consent? Wherein, in substance, does the case at bar differ from what it would have been if neither husband nor wife had signed the petition? In that case, there might have been an abundance of testimony that the wife orally consented to the establishment, but it would not show her consent in writing: no writing evidenced her consent. Without oral testimony, how did the signed name of the husband furnish written evidence that the wife was bound? We think there is no escaping the conclusion that the legislature entertained a specific purpose here. It commands that the paper presented to the board for action should show without aid from oral evidence that the abutting owners consented. Any other construction lets in any and all testimony that tends to show any consent, and produces the very uncertainties which the statute attempted to avoid.

A wife's signature as a witness to a contract for the sale of her husband's real estate, she being in no way referred to in the contract as a party, is not a "written consent" to the sale, within Rev. Laws 1905, Sec. 3648, giving a wife one-third interest in all real estate owned by her husband, to the sale of which she has not consented in writing. *Stromme v. Rieck,* 107 Minn. 177, 119 N. W. 948, 950.

In *Raritan v. Veghte,* 21 N. J. Eq. 463, at 469-70, "written consent" was required from adjoining property owners to authorize the diversion of certain waters for the purpose of raising the headgate of a dam, and the court construed such

phrase to mean "the equivalent to a deed at common law, to the full extent of the interest intended to be secured."

What the effect would be if the name Anna Blum appeared to be signed to the petition when, in fact, it had been signed for her by another, upon her direction, we have no occasion to determine. We are, however, satisfied and we hold: (1) Where the name of the owner does not appear on the petition, the consent is not written. (2) Evidence that the written name of another is in fact the consent of the owner who has not signed is proof of no more than oral consent. (3) Written consent is indispensable.

IV. In view of the result reached here, there is no occasion to decide whether, in view of the fact that the petition waives damages and Anna Blum filed a claim for damages, it is proven that she gave the direction upon which defendants rely. And for the same reason, and the further one that the road seems to have been established as prayed by the petition before same was altered, we have no occasion to pass upon the effect of the alteration.

The judgment and decree below must be and is—*Reversed.*

DEEMER, C. J., LADD and GAYNOR, JJ., concur.