WILLIAM LERCH et al., Appellees, v. W. M. SHORT et al.,
                          Appellants.

**CERTIORARI: Validity of Ordinance.** Certiorari will lie, to test the
1   validity of an ordinance vacating an alley.

**CERTIORARI: Evidence Dehors Return.** Proceedings in certiorari
2   need not be heard solely on the return. Any testimony may be re-
ceived, if it bears on the issue of illegality or jurisdiction.

**MUNICIPAL CORPORATIONS: Arbitrary Vacation of Alley.** The
3   vacation of a much used alley which extends entirely through a
block, for the sole purpose of selling such vacated strip only to the
adjoining landowners, is an arbitrary exercise of the power of the
council, and therefore void.

*Appeal from Woodbury District Court.*—GEORGE JEPSON, Judge.

                      NOVEMBER 22, 1921.

THIS is an appeal from the action of the Woodbury district
court in declaring null and void, under a writ of certiorari, an
ordinance of the city council of the city of Sioux City, vacating
an alley.—*Affirmed.*

   *Free & Pickus, E. G. Smith,* and *Kindig, McGill, Stewart
& Hatfield,* for appellants.

   *Marks & Marks, Shull, Gill, Sammis & Stilwill,* and *Hen-
derson, Fribourg & Hatfield,* for appellees.

   DE GRAFF, J.—Two questions are presented on this appeal.
1st.   May the validity of an ordinance vacating an alley be
tested by certiorari?   We are committed to the proposition that
                                  certiorari is the proper remedy.   *Stubenrauch
1. CERTIORARI:             v. Neyenesch,* 54 Iowa 567; *McLachlan v. Incor-
   validity of
   ordinance.             porated Town of Gray,* 105 Iowa 259; *Rockwell
v. Bowers,* 88 Iowa 88.
   2d.   May the trial court hear evidence *dehors* the return
in order to determine whether or not the tribunal whose act is

brought into question had jurisdiction, or otherwise acted il-
legally?

2. CERTIORARI:
evidence *dehors*
return.

Code Section 4154 provides:

"The writ of certiorari may be granted
when authorized by law, and in all cases where an inferior
tribunal, board or officer exercising judicial functions is alleged
to have exceeded his proper jurisdiction, or is otherwise acting
illegally, and there is no other plain, speedy and adequate
remedy."

Appellants contend that in determining whether or not the
inferior tribunal had jurisdiction or acted illegally, no evidence
outside of the return can be considered. We are not inclined
to limit the writ of .certiorari within such narrow walls. It is
said in *Hatch v. Board of Supervisors*, 170 Iowa 82:

"Certiorari is tried in the district court primarily upon
the return made to it, and Code 4159 provides that, if that
return be defective, the court may order a further return, and
compel same by attachment. By provision of Code 4160, the
district court hears. the matter 'upon the record, proceedings,
and facts as certified, and such other testimony, oral or written,
as either party may introduce.' Clearly enough, this authorizes
the introduction of .such oral testimony. as either party may
elect, in addition to the record and the facts certified by return,
original or amended. But it does not say to what such testimony
may be addressed. We are satisfied this permits no more than
the addressing of oral testimony to the question whether the
tribunal in review has exceeded its jurisdiction, or otherwise
acted illegally."

It clearly appears from our decisions that any testimony
bearing upon the question of jurisdiction, or whether or not the
lower tribunal otherwise acted illegally, is admissible.

The title to streets and alleys of a city is held by the city
in trust for the public, and the council may not dispose of them
in disregard of the public good or to subserve the private inter-

3. MUNICIPAL
CORPORATIONS:
arbitrary vaca-
tion of alley.

ests of individuals. *Walker v. City of Des
Moines*, 161 Iowa 215; *Louden v. Starr*, 171
Iowa 528. A city council must not act arbitrar-
ily in vacating a street or alley and thereby contravene the
rights of the public.

A careful analysis of the evidence in this case leads to the conclusion that the city council of the city of Sioux City was more interested in making an advantageous sale of the property used as an alley, and in determining that no one other than the adjoining property owner should get title thereto, than in safeguarding the convenience of the public with respect to the unrestricted use of the alley. This is not an alley extending to the rear of the buildings fronting on the street and then ending, as in some of the cases we have heretofore considered; but, on the contrary, the alley extends through the block and is used quite extensively for what might be termed "through traffic." It materially aids in reducing the volume of traffic upon and along the main highways and streets of that vicinity; and other persons, including appellees, owning property in the same block use the alley as a means of ingress and egress to and from property situated in the block.

The mayor of the city of Sioux City testified that the matter was first brought to his attention by a proposition of the owners of the abutting property to purchase the property in the alley; that he would not have favored the closing of the alley except that the title would go to the abutting owners; and that he knew that the property owners and the lessee of the property on both sides of this alley would never have consented to its vacation except on condition that they were to get title to it. James Malone, one of the members of the city council, testified that if there had not been a proposition from a representative of the owner of the property on each side of the alley, there would have been no action taken to close the alley. J. B. Mann, another councilman, testified that he would never have consented to the vacation of the alley except on condition that the people that owned the adjoining property should acquire the title to it.

These witnesses also testified that the alley opened upon a main traveled highway or street through Sioux City, causing it to be an ever present source of danger; that if it were closed, and a solid business front erected in the place where the alley now is, the appearance of the street would be rendered much more sightly; and that the sale of the alley for $20,000 was an advantageous one to the city.

It thus appears that this alley serves as a thoroughfare

through this particular block of lots in Sioux City, and although it may have been the source of some danger common to all alleys, and although it may have been disturbing to an aesthetic eye, and although its sale may have brought to the city of Sioux City a fair return, it never would have been vacated by the city council except for the proposition made by the owners of the land on each side to purchase it from the city, to pay an adequate consideration therefor, and to erect a solid building front in its place. With these facts uncontradicted in the evidence, we are convinced that the city council acted arbitrarily in the premises and without proper regard for the public interests and convenience, and that its action with respect thereto was properly annulled by the lower court on the writ of certiorari. Wherefore, the judgment entered is—*Affirmed.* .

EVANS, C. J., WEAVER and PRESTON, JJ., concur.