FRED EBERT, Appellee, v. WALLACE M. SHORT et al., Appellants (and one other case).

**MUNICIPAL CORPORATIONS:** Ordinances—Nonnecessity to Re-enact. A valid ordinance which has been duly enacted under an *optional or permissive* state statute remains valid without any re-enactment, after the enabling statute has been made *mandatory;* and, if the statute in its mandatory form demands additional ordinance enactments, the latter may be validly supplied by *amendments* to the pre-existing ordinance.

**APPEAL AND ERROR:** Scope of Review—Moot Cases. The appellate court will not pass upon a contention that a city ordinance is invalid because of its failure to cover a contingency required by state statute when such contingency could not arise *because of the lapse of time.*

**MUNICIPAL CORPORATIONS:** General Powers—Implied Prohibition. A city or town is impliedly prohibited from doing a thing by different means or in a different manner than specifically pointed out and specified by statute. So held where the statute provided that a plumber's license might be revoked by the board of examining plumbers for repeated violations of an ordinance, while the ordinance provided that such revocation might be by the *city council* for *any* proved violation of the ordinance.

MUNICIPAL CORPORATIONS: Ordinances—Partial Invalidity—Ef-
4   fect. One invalid provision of an ordinance does not necessarily
    render the entire ordinance invalid.

CERTIORARI: When Writ Lies—Revocation of License. Certiorari
5   will not lie to review the action of a board of examining plumbers
    in revoking the license granted to a plumber, on the ground (clearly
    authorized by statute) that the said plumber had repeatedly vio-
    lated the valid provisions of an ordinance; and it is quite imma-
    terial that the city council had assumed, wholly without authority,
    to revoke said license.

Headnote 1. 28 Cyc. p. 380 (1926 Anno.) Headnote 2. 4 C. J. p.
649. Headnote 3. 28 Cyc. p. 275. Headnote 4. 28 Cyc. p. 372. Head-
note 5. 37 C. J. p. 247.

*Appeal from Woodbury District Court.*—MILES W. NEWBY,
Judge.

JANUARY 13, 1925.

THE plaintiff and appellee, who is a master plumber, com-
menced an action of mandamus against the defendants and ap-
pellants, the mayor and members of the city council and mem-
bers of the board of examiners for plumbers of the city of Sioux
City, to compel the defendants to issue to him permits to do
work for which permits were required under the ordinances of
the city; to inspect and approve work done by him; to furnish
water meters and turn on the city water on jobs approved; and
to permit him to connect his work with the city sewers, all upon
the same terms and conditions as are observed in the case of
other plumbers of the city, and notwithstanding the alleged il-
legal revocation by defendants of his license as a master
plumber. He also commenced an action of certiorari to review
and set aside the action of the same defendants in revoking his
license. The answer in each case admitted the corporate ca-
pacity of the city and the official positions of the respective
defendants, as alleged, and denied all other allegations. By
stipulation of the parties, the actions were consolidated for the
purpose of trial and decree. The trial court found for the plain-
tiff, and determined that the ordinances under which the de-
fendants acted were void, and granted the prayed relief. De-
fendants appeal.—*Affirmed in part; reversed in part.*

*Fred H. Free* and *E. G. Smith,* for appellants.

*Henderson, Fribourg & Hatfield,* for appellee.

DE GRAFF, J.—Plaintiff held a license as a master plumber, and was engaged in doing plumbing work in Sioux City. The board of examiners for plumbers, by resolution reciting that

1. MUNICIPAL COR-
PORATIONS: or-
dinances: non-
necessity to re-
enact.

appellee had been found guilty of violating the provision of a designated "plumbing ordinance" of the city, "by not procuring permits and failure to report work done for inspection," revoked appellee's license. On the following day, the city council also adopted a resolution purporting to revoke the license.

The appellee contends, and the lower court so held, that the ordinance of the city for a violation of which his license was revoked, is invalid. The determination of the question necessitates an examination of the statutes on the subject, and a consideration of the history, as well as the provisions, of the ordinance.

Prior to July 4, 1919, the statute, Section 737-a, Code Supplement, 1913, provided, in substance, that cities and towns should have power to regulate and license plumbers; to create a board of examiners to determine the qualifications thereof; to provide rules and regulations for the installation of plumbing work and materials; to provide for the inspection of such work, materials, and manner of installation; to compel the removal of plumbing installed in violation of the manner prescribed; and to impose penalties, within the limit of Section 680 of the Code of 1897, for a violation of the ordinances enacted thereunder. The thirty-eighth general assembly (Chapter 378) so amended this section as to make it, as it previously stood, apply only to cities and towns having a population of less than 6,000, and by adding thereto provisions which, so far as material in the present controversy, are as follows:

"Sec. 2. That all cities having a population of six thousand (6,000) or more, including cities acting under the commission form of government, and special charter cities shall, within ninety (90) days after the taking effect of this act, adopt and enforce ordinances regulating the business of plumbing and

prescribing rules and regulations not inconsistent with the provisions of this act for the installation and inspection of plumbing and prescribing the grade of material to be used; also compelling the removal of plumbing hereafter installed in violation of such rules and manner prescribed; and to impose penalties within the limits of Section 680 of the Code, 1897, and amendments thereto, for violations of such ordinances. * * * All cities and towns herein referred to shall have power to adopt and enforce additional rules governing plumbing, not inconsistent with the state code herein provided for.

"Sec. 3. In all cities which have a population of more than six thousand, having sanitary sewer system, or such other methods of sewerage disposal as are enumerated in this act, the council shall by ordinance appoint a board of examiners, consisting of three members, one of whom shall be a practical journeyman plumber, one a member of the local board of health, and one a practical master plumber, two of whom shall constitute a quorum for the transaction of business."

There followed provisions requiring the board of examiners to hold examinations of plumbers and issue certificates to master plumbers; and the act further provided:

"Sec. 4. Such certificates, or license, shall be valid and recognized throughout the state for a period of one year, and may be renewed from year to year upon the payment of the renewal fee. Such license shall not be transferable and shall expire on the 31st day of December of each year. Any such certificate, or license, issued by any such authorized board, may be revoked by said board for repeated violation of ordinances enacted under the provisions of this act.

"Sec. 5. Such examining board shall issue a certificate, or license, upon the payment of the regular fee, without examination, to all master plumbers actually engaged in the business of plumbing at the time of the passage of this act, provided application for such license be made within ninety (90) days after taking effect of this act."

Prior to July 4, 1919, the date on which this act went into effect, there was in force an ordinance of the city regulating the business of plumbing. This ordinance, No. H 5996, as amended by Ordinance No. H 8085, was, on September 30

1919, further amended by Ordinance No. J 2411, providing for the appointment of an examining board, as required by the statute referred to. The objections here urged to the ordinance so amended, which were sustained by the findings of the trial court, are: (1) That the ordinance was not re-enacted after the enactment of the statute in question; (2) that certain provisions of the ordinance are inconsistent and in conflict with the statute.

The ordinance as amended within 90 days after the taking effect of the statute, so far as any objections now made to it are concerned, was such as the statute required the city to adopt, except in the respects to be presently mentioned. This being so, the mere fact that the result was brought about by the amendment of an existing ordinance, instead of by the re-adoption of the whole ordinance, or the adoption of a new one, did not render it invalid. The object of the statute was to require cities of over 6,000 population to regulate plumbing to the extent and in the manner pointed out in the statute, and that this be done within 90 days. If an existing ordinance was so amended as to comply with the statute, the legislative purpose was as fully attained as by the enactment of a new ordinance. To hold otherwise would be to sacrifice substance for form. The validity of the existing ordinance, if it in fact conformed to the new statute, was not affected by the change of the statute. *Allen v. City of Davenport,* 107 Iowa 90; *Northwestern Laundry v. City of Des Moines,* 239 U. S. 486 (60 L. Ed. 396).

It is insisted that the present ordinance is inconsistent with the statute, in that it requires an examination of all applicants for license as master plumber, and fails to provide that the examining board shall issue licenses to all master plumbers actually engaged in the business of plumbing at the time of the passage of the act, who shall make application within 90 days after the statute went into effect. The time has long since passed within which application for a license without examination must have been made, under the statute. We are clear that we are not required to now hold the ordinance invalid for the failure to conform to the statute in this respect. The question is now a moot one.

2. APPEAL AND ERROR: scope of review: moot cases.

The ordinance, as amended, provided that the license of

any contracting plumber might be revoked at any time by resolution duly passed by the city council, and "shall be so revoked for any proven violation of any of the provisions of this ordinance relative to the procuring of permits or failure to report work for examination." This provision is found in Section 270 of the ordinance. The statute provided:

3. MUNICIPAL CORPORATIONS: general powers: implied prohibition.

"Any such certificate or license * * * may be revoked by said board [of examiners] for repeated violation of ordinances enacted under the provisions of this act."

It is plain that the provisions of this section of the ordinance are inconsistent with and not authorized by the statute in three respects. The statute confers the power to revoke licenses upon the board of examiners, while the ordinance provides that it shall be exercised by the city council. The statute provides for the revocation of the license for repeated violations, and the ordinance for any proved violations. The statute reads, in the case of repeated violations the license may be revoked, and the ordinance says, in the case of any proved violation it shall be revoked. The power conferred upon municipalities is to be strictly construed; and ordinances must conform to the provisions of the statute giving power to pass them. *City of Burlington v. Kellar,* 18 Iowa 59; *Trustees of Diocese of Iowa v. City of Anamosa,* 76 Iowa 538. Cities can only exercise such authority as is expressly given them by charter or statute, or such as is necessarily implied from that given. *Brockman v. City of Creston,* 79 Iowa 587. When power is conferred upon a city to do a thing through certain means or in a particular manner, there is an implied inhibition against doing it through other means or in a different manner. *City of Keokuk v. Scroggs,* 39 Iowa 447; *City of Des Moines v. Gilchrist,* 67 Iowa 210. Section 270 of the ordinance in question is invalid because it is an attempted exercise by the city council of a power expressly and exclusively conferred upon the board of examiners, and provides for the revocation of the license in a manner and upon grounds not authorized by statute.

But the fact that this section of the ordinance is inconsistent with the statute, and therefore invalid, does not operate to destroy the entire ordinance. The ordinance regulated the busi-

4. MUNICIPAL COR-
PORATIONS: or-
dinances: par-
tial invalidity:
effect.

ness of plumbing within the city in considerable detail, and provided for the creation of the board of examiners, and the issuance by the board of licenses to plumbers. The section in question related only to the revocation of such licenses, and was not so inseparably connected with the other provisions of the ordinance as to render the whole invalid. *Cedar Rapids Water Co. v. City of Cedar Rapids*, 118 Iowa 234; *Wood v. Hall*, 138 Iowa 308; *Davenport Gas Co. v. City of Davenport*, 124 Iowa 22; *State v. Des Moines City R. Co.*, 159 Iowa 259.

5. CERTIORARI:
when writ lies:
revocation of li-
cense.

The statute expressly conferred upon the board of examiners the power to revoke the license for repeated violations of the ordinance. The jurisdiction of the board was not defeated by the illegal assumption on the part of the city council of the power to do so. The board of examiners did revoke appellee's license for violating the provisions of the ordinance by not procuring permits, and failure to report work done for inspection. This action it was sought to have reviewed by the district court by writ of certiorari. The writ of certiorari will lie to review any action of an inferior tribunal or board exercising judicial functions, when it is alleged to have exceeded its jurisdiction or to be acting illegally. Section 4154, Code of 1897 (Section 12456, Code of 1924). The board of examiners was clearly not without jurisdiction to take the action complained of. Was it acting illegally? The contention of appellee in this respect is that he had not in fact been guilty of a violation of the ordinance, in that permits were not required by the ordinance for work of the character of that admittedly done by him without permits, in at least two instances considered by the board; that permits had not been secured by other plumbers for doing like work; and that their licenses had not been revoked by the board.

The power of the court in certiorari to review the action of the board did not extend to or include the determination of disputed questions of fact upon which the board acted in a judicial capacity. *Tiedt v. Carstensen*, 61 Iowa 334; *Lehigh Pipe & Tile Co. v. Incorporated Town of Lehigh*, 156 Iowa 386; *Oelwein v. Walrath*, 162 Iowa 667; *Jewett v. Ayres*, 167 Iowa 431; *Hatch v. Board of Supervisors*, 170 Iowa 82; *Butin v. Civil*

*Service Commission,* 179 Iowa 1048; *Riley. v. Crawford,* 181 Iowa 1219. The question whether the work done by appellee was of the character for which permits were required by the ordinance, was one of fact, to be determined on conflicting evidence. The lower court found in its decree that appellee may have been guilty of technical violations of the ordinance, but that the revocation of his permit was a more severe penalty than the evidence justified. Clearly, under the authorities cited, this was not a question open for review by the court on the writ of certiorari. The court further found that the same penalty had not been imposed on other plumbers who had violated the ordinance, and that permits had not been taken out by or required of other plumbers for work similar in character to that done by appellee, the doing of which without permits was charged as violations of the ordinance. Conceding, but without so holding, that the enforcement of the ordinance by the revocation of appellee's permit, while failing to so enforce it as against others equally guilty, would be such an illegality as could be reviewed by a writ of certiorari, still we are constrained to say, no such a situation is shown by the record. There was testimony tending to show single violations of the ordinance by other plumbers. In one such instance a fine had been imposed, and in another the work was required to be done over. But the record does not disclose that any other plumber had been guilty of repeated violations. This finding of the court would appear to have been based upon the failure of the city council to revoke licenses for any proved violation of the ordinance under the section of the ordinance which the lower court found, and we hold, to be invalid. It is obvious that the failure of the city council to proceed under an invalid section of the ordinance could not render illegal the act of the board of examiners in pursuance of express statutory authority.

Counsel for appellee rely upon the case of *Lerch v. Short,* 192 Iowa 576. It was there held that certiorari would lie, to test the validity of an ordinance vacating an alley, and that the vacation of an alley generally used by the public, for the sole purpose of selling the ground to the adjoining landowners, was void, as an arbitrary exercise of power. The case is not in

point here, since the instant board was vested by statute with jurisdiction to determine a question of fact.

We think the court erred in holding the entire ordinance void, and in setting aside the action of the board of examiners revoking appellee's license as a master plumber. The decree is affirmed so far as it declares Section 270 of the ordinance void and sets aside the proceedings of the city council in attempting to revoke appellee's license, but is in all other respects reversed. The costs in this court will be taxed to the appellee.—*Affirmed in part; reversed in part.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.